Lawton Spinning Company
vs.
Wilfred J. Forcier, City Treasurer of the City of Woonsocket ⎱ No. 93114.

February 11, 1935.

WALSH, J. Heard on demurrer to declaration.

The within action, begun by writ dated April 30, 1934, is in assumpsit for the recovery of taxes paid to the City of Woonsocket in the years 1930, 1931 and 1932 on the theory that said taxes are illegal and void.

The declaration consists of four counts, the first three being based on the taxes for 1930, 1931 and 1932 respectively, and the fourth count being the common counts covering the aforesaid three years. The first three counts allege in effect that at the particular date of the assessment, in the particular year, the plaintiff owned certain real estate and personal property in the City of Woonsocket; that it filed a return with the tax assessors as required; that the said tax assessors assessed the property; that it paid the tax under compulsion and under protest; that the said tax was illegal and void; that plaintiff was deprived of its property without due process of law and was denied the equal protection of laws in violation of the United States Constitution; that the burden of taxation was not fairly distributed among the citizens of the City of Woonsocket in violation of the Rhode Island Constitution; that plaintiff filed a particular account of its claim with the city council of the City of Woonsocket forty days before bringing suit, and that as a result of the foregoing, the defendant became indebted to the plaintiff and plaintiff brought the within action.

The particular section of the declaration, which appears in the first three counts and which is the section that we are concerned with at this stage of the case, is as follows:

"The plaintiff avers that said tax was illegally assessed in this, that the Tax Assessors of the City of Woonsocket in assessing the value of manufacturing properties in said city were not governed or controlled in fixing the valuations upon land and particularly upon buildings used for manufacturing purposes, by any uniform system or plan of valuations; that taxes upon many of the numerous textile and other manufacturing plants in the City of Woonsocket having the same physical characteristics, the same age and the same degree of usefulness, were arbitrarily and unreasonably assessed at widely varying valuations; and the said Board of Tax Assessors by common arrangement, understanding and purpose among themselves, intentionally, systematically, deliberately, wilfully, arbitrarily and hence fraudulently did value the taxable property of the plaintiff for tax purposes at a higher percentage of values than were assessed against other property of similar character; and the said values were not based upon any percentage of the actual cash value of the plaintiff's taxable property; and the said Board of Tax Assessors did not assess taxes equally and uniformly, wherefore the said tax assessment roll is illegal and void."

Defendant has demurred to the declaration, said demurrer setting forth six grounds. The first four grounds are to the effect that plaintiff's declaration is fatally defective because it is not alleged in any count in the declaration that plaintiff "availed itself of statutory remedies in such cases to be availed of before the present action can be maintained".

The fifth and sixth counts are as follows:

"5. It does not appear in said declaration that the plaintiff was given no notice nor had no opportunity to be heard before the tax

assessments of which it complains were finally determined, and in the absence of such allegations no cause of action on the above declaration is maintainable.

6. The declaration of the plaintiff is in other respects vague, ambiguous, and uncertain."

Defendant's principal point is that plaintiff cannot maintain the within action, because the statutory provision for petition to this Court within six months after payment of a tax, which is complained of as being too large, is the exclusive remedy.

The statutes in force in the 1930 and 1931 assessments were Secs. 14 and 15 of Chapter 60, General Laws of 1923, which provide among other things that any person aggrieved by the assessment may within six months after the time appointed for the payment of the tax, petition this Court for relief from such assessment.

The statute in force in the 1932 assessment was Chapter 1945 of the Public Laws of 1932 which also provides for petition to this Court and also that the remedy provided "shall be in addition to and not in lieu of any other remedies * * * available to any person against whom an illegal assessment has been made".

In *American Bank* vs. *Mumford*, 4 R. I. 478, our Supreme Court held:

"We think it is well settled that money paid under a void assessment, i. e. where the person or property assessed is not liable to be assessed at all, may be, if compulsorily paid, recovered back in an action of assumpsit. On the other hand, if there is power to assess a tax and the complaint is that the tax is too large, the mode of redress provided by the statute must be followed or no redress can be had. * * * If the tax which was assessed was on property liable to be assessed at all, the plaintiffs by neglecting the remedy provided by statute, have lost all remedy and can not sustain themselves in the action now before us."

The facts as stated in the declaration must be taken as true on demurrer. Do they show a case of void and illegal taxation or of over-taxation? Mere conclusions of law in the declaration are not to be taken as true. Taxes may be illegal where taxable property has been intentionally omitted (*McTwiggan* vs. *Hunter*, 19 R. I. 265); because unauthorized reductions in assessments are made after the completion and signing of the tax roll (*Quimby* vs. *Wood*, 19 R. I. 571); because the property taxed is exempt from taxation (*Brown University* vs. *Granger*, 19 R. I. 304); because the particular taxpayer did not have any taxable property (*Dunnell Mfg. Co.* vs. *Newell*, 15 R. I. 233), and possibly some others. A fair reading of this declaration reveals that this plaintiff was overtaxed in 1930, 1931 and 1932, that it paid its tax under protest, that it did not avail itself of the remedy provided by statute for the relief of such cases. It is a clear case of excessive taxation and we think the rule in *American Bank* vs. *Mumford*, 4 R. I. 478, and *Tripp* vs. *Merchants Mutual*, 12 R. I. 435, applies, viz.: that the assessors are bound to assess at what they think is its fair value and that the remedy given by the statute was the only remedy for excessive taxation. The Court said in *St. Mary's Church* vs. *Tripp*, 14 R. I. 307:

"An assessment duly made upon persons or corporations which are taxable to any extent for the kind of property which is assessed, is conclusive unless they avail themselves of the remedy prescribed."

We believe this to be the law in our State today.

Demurrer to the declaration on grounds 1 to 4 inclusive is sustained. Demurrer to the declaration on grounds 5 and 6 is overruled.

For plaintiff: Walling & Walling.

For defendant: Morris E. Yaraus.